UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUTH ELLEN REEVES,

     Plaintiff,

v.                                                                Case No. 3:20cv3658-RV-HTC

MARK T ESPER and
MONGELL,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, Ruth Ellen Reeves, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil complaint purporting to state claims under *Bivens*[1] and 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth herein, the undersigned recommends that Plaintiff's complaint be DISMISSED prior to service because she has failed to state a cause of action against the named defendants and allowing Plaintiff to amend her complaint would be futile.

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## I.    THE COMPLAINT

Plaintiff's complaint names two (2) defendants: Mark T. Esper, United States Secretary of Defense, and Mr. Mongell, CEO of Fort Walton Beach Medical Center ("FWBMC").  ECF Doc. 1 at 1, 3.  The complaint sets forth the factual allegations that follow, the truth of which is accepted for purposes of this order and report and recommendation:

In February of 2006, Plaintiff was "illegally Baker Acted for trying to save [her] life when [she] was in fact poisoned." *Id.* at 4.  At that time, she was sent from Eglin Air Force Base to FWBMC, where she was "kept for an extended period of time due to [her] religious beliefs." *Id.* at 4-5.

In 2014, after an unidentified accident, Plaintiff remembered that, while at FWBMC in 2006, she "was forced to take dangerous medication and forced to endure electronic shock treatments." *Id.* at 5.  Plaintiff's daughter was offered an early release from the Army to have Plaintiff permanently institutionalized, and Plaintiff was "forced out of the Teaching Degree that [she] was 6 weeks from receiving." *Id.*  The military intervened in the accident settlement, which left Plaintiff without money and unable to work.

Finally, in August of 2018, "two family members confirmed that due to the electrical shocks, [Plaintiff] was sent to the morgue and later pulled off [her] own toe tag." *Id.*

Based on the foregoing, Plaintiff alleges she has been denied "every constitutional right." *Id.* As relief, she seeks $777,000,000 from the United States military, $777,000,000 from FWBMC, and for a non-party individual named Dr. Patricia Harrison to be removed from her profession. Plaintiff also states that she "want[s] to make this treatment STOP for everyone." *Id.* at 6.

## II.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss her complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). If the complaint is deficient, the court is required to dismiss the suit sua sponte. *See Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 680 (11th Cir. 2018). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Id.* at 681 (quoting *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal under this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    DISCUSSION

### A.    Plaintiff Has Stated No Cognizable Claims Against The Defendants

Plaintiff has failed to state a valid claim against either of the two (2) named Defendants.  First, she has alleged no facts demonstrating any wrongdoing by Defendants.  Second, Defendant Mongell is neither a federal official nor a state actor.

      1.    <u>Plaintiff alleges no facts that demonstrate Defendants Esper and Mongell personally participated in any alleged constitutional violations or are liable under a theory of supervisory liability.</u>

Plaintiff does not allege Defendants Esper or Mongell were present at the time of the subject incident, nor does she reference them anywhere in her complaint. Indeed, the only person briefly referenced in Plaintiff's complaint is Dr. Patricia Harrison, who is not a named defendant in this action.  Thus, because Plaintiff has not alleged any facts showing that Defendants Esper or Mongell engaged in any wrongful conduct, Plaintiff has no claim against them under either *Bivens* or § 1983.

Additionally, to the extent Plaintiff seeks to hold Defendants liable under a theory of supervisory liability, her claim fails for several reasons.  "Supervisory liability occurs either when the supervisor <u>personally participates</u> in the alleged

constitutional violation or when there is a <u>causal connection</u> between actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citations omitted) (emphasis added). A causal connection is established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or when the supervisor's unlawful "custom or policy ... resulted in deliberate indifference to constitutional rights." *Id.* at 1234-35 (citations omitted). It can also be established by showing that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. *See id.*

As addressed above, Plaintiff's complaint does not contain *any* factual allegations against Defendants Esper and Mongell, much less any that could be reasonably read as showing they personally participated in a constitutional violation. Moreover, Plaintiff fails to demonstrate a causal connection between Defendants' actions and the alleged constitutional violations, as she alleges no facts that demonstrate (1) a history of widespread abuse; (2) an unlawful custom or policy promulgated or enforced by Defendants; (3) that Defendants directed any persons to act unlawfully; or (4) that Defendants knew any persons would act unlawfully and failed to intervene.

2.      <u>Defendant Mongell is neither a federal official nor a state actor and thus cannot be held liable under *Bivens* or § 1983.</u>

Additionally, Defendant Mongell is neither a federal nor a state official subject to liability under *Bivens* or § 1983.  FWBMC is a privately-owned hospital affiliated with HCA Healthcare, a private healthcare company, and Defendant Mongell is its CEO.[2]  Thus, he is clearly a private actor.

*Bivens* permits a plaintiff to sue federal officials, not private actors, for violations of certain Constitutional rights.  *See Bivens*, 403 U.S. 388.  The Supreme Court has clarified that the goal of *Bivens* is to deter "individual *federal officers* committing constitutional violations."  *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001) (emphasis added) (holding that a *Bivens* action was not the appropriate remedy against a private entity operating a halfway house under contract with the Bureau of Prisons).  Following that reasoning, the Eleventh Circuit has declined to extend *Bivens* to private actors where the plaintiff could instead avail himself to adequate state remedies.  *See Alba v. Montford,* 517 F.3d 1249, 1254-55 (11th Cir. 2008) (holding that a *Bivens* action was not the appropriate remedy against a private medical care facility for inadequate medical care).

Under § 1983, a plaintiff must show, *inter alia*, that the alleged misconduct was committed by a person acting under color of state law.  *Parratt v. Taylor*, 451

---

[2] *See* https://fwbmc.com/about/.

U.S. 527, 535 (1981), overruled on other grounds; *Daniel v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Private parties may be considered state actors acting under color of state law only if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotations omitted). "Only in rare circumstances" will a private party be viewed as a state actor for § 1983 purposes. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Plaintiff could have availed herself to adequate state remedies, as she could have brought a claim against Defendant Mongell under Florida tort law. Thus, a *Bivens* action is not the appropriate remedy for pursuing a claim against Defendant Mongell. Moreover, Plaintiff alleges no facts which implicate any of the three (3) tests set forth in *Rayburn* such that Defendant Mongell could be considered a state actor. Indeed, as discussed above, Plaintiff alleges no facts about Defendant

Mongell at all.  Thus, Defendant Mongell cannot be sued under either *Bivens* or § 1983 because he was not acting under color of either federal or state law.

### B.    Statute Of Limitations

As an additional matter, any claims arising out of the incidents forming the basis of this suit under both *Bivens* and 42 U.S.C. § 1983 are time-barred by the applicable statute of limitations.  Thus, allowing Plaintiff to amend her complaint would be futile.  Instead, where "it appear[s] beyond a doubt from the complaint itself that [the indigent plaintiff] can prove no set of facts which would avoid a statute of limitations bar," the case should be dismissed prior to service.  *See Burt v. Martin*, 193 F. App'x 829, 830 (11th Cir. 2006) (dismissing prisoner's action pre-service as barred by the statute of limitations) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)); *Cooley,* 729 F. App'x at 681 (affirming dismissal of indigent plaintiff's claim under frivolity analysis as barred by the statute of limitations)

The Eleventh Circuit has consistently held that Florida's 4-year statute of limitations, Fla. Stat. § 95.11(3), for personal injury actions governs federal § 1983 claims brought in Florida.  *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002) ("[s]ection 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"); *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) ( "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations

for personal injuries"); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. [§] 1983"). The same 4-year statute of limitations also applies to claims under *Bivens*. *See Rager v. Augustine*, 760 F. App'x 947, 950 (11th Cir. 2019) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998) (noting that federal district courts apply their forum state's personal injury statute of limitations to both *Bivens and* 42 U.S.C. § 1983 actions) and *Chappell*, 340 F.3d at 1283).

The statute of limitations begins to run when the plaintiff either knows or should know (1) that she has suffered the injury that forms the basis of her complaint; and (2) who has inflicted the injury. *See Chappell*, 340 F.3d at 1283. In her complaint, Plaintiff alleges the events that form the basis of her action – namely, that she was illegally Baker Acted and sent to FWBMC, where she was forced to take dangerous medications and endure electric shock treatments – occurred in February of 2006. She alleges she remembered what happened to her at FWBMC sometime in 2014.

Additionally, the complaint does not disclose any facts that would support tolling the statute of limitations. *See Joseph v. State Mut. Life Ins. Co. of America*, 196 F. App'x 760, 761 (11th Cir. 2006) (affirming dismissal upon screening because, "[i]n the absence of an applicable toll," plaintiff's claim was time-barred). Thus, even assuming the statute of limitations began to run on all of Plaintiff's claims in

2014, rather than in 2006, the statute of limitations expired as to Plaintiff's claims four (4) years later, in 2018. However, Plaintiff did not initiate this action until February 24, 2020, more than a year after the statute of limitations expired.

## IV.   CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1.     Plaintiff's complaint (ECF Doc. 1) be DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

2.     The clerk be directed to close the file.

DONE AND ORDERED this 11th day of March, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.